BENJAMIN F. PERKINS' Administrators, *vs.* IDA CARR WILSON.

New Castle County, November Term, 1893.

**Mechanics' Lien.**—Exceptions may be filed in *scire facias* upon a mechanics' lien upon the ground that the plaintiff has not complied with the requirements of the statute.

**Same.**—The fact that a bill of particulars in a *scire facias* upon a mechanics' lien contains lienable and non-lienable claims is not a ground of exception to the statement of claim, if the claims are not so intermingled as to be inseparable.

**Same.**—The Court will consider and pass upon whether a bill of particulars contains items not properly the subject of a mechanics' lien where evidence is offered at the trial and not upon a motion to have such items stricken from the record.

This was a *scire facias* upon a mechanics' lien in which exceptions to the statement of claim were filed. The first and second exceptions contained specifications of items included in the bill of particulars which, it was alleged, were not properly the subject of a mechanics' lien. The other exceptions all consisted of allegations that in specified particulars the bill of particulars and the affidavit did not comply with the provisions of the statute as to particularizing the kind and amount of materials furnished and the nature and kind of work and labor done, and that while claiming under a contract there was no statement of the gross sum to be received thereunder.

On January 6, 1894, *Bradford* and *Ball*, for the plaintiff, moved to strike off the exceptions upon the ground that they set forth matters of defence to be urged at the trial, and that to set them up by way of exception was not proper practice.

*Saulsbury* and *Lodge*, for the defendant, contended that the exceptions were properly filed according to the practice of the Court, and cited *France vs. Woolston* and *Evans vs. Woolston*, 4 Houst. 557; *Curlett vs. Aaron*, 6 *id.* 477; Sergeant, Mec. Lien L. 260.

The motion was overruled.

On March 10, 1894, the exceptions came on to be heard before CULLEN and MARVEL, JJ. LORE, C. J., did not sit, having been of counsel in the case.

*Saulsbury* and *Lodge*, in support of the exception. The requirements of a mechanics' lien must be strictly complied with and the lien will be discharged and disallowed if improper claims are included in the statement; Phillips, Mec. Lien, § 296; *Reeve vs. Elmendorf*, 9 Vroom 132; *McPherson vs. Walton*, 42 N. J. Eq. 286; *Truesdell vs. Gay*, 13 Gray 311; *Lambard vs. Pike*, 33 Me. 144; *McCullis vs. Wilson*, 34 id. 286; *Johnson vs. Pike* 35 id. 298; *First National Bank vs. Redman*, 57 id. 405; *Hickox vs. Fay*, 36 Barb. 12; *Driscoll vs. Hill*, 11 Allen 154; *Mulvey vs. Barrow*, id. 152; *Morrison vs. Minot*, 5 id. 403; *Graves vs. Bemis*, 8 id. 573.

If it is to be considered that the entire lien is not vitiated then the improper items should be disallowed and stricken off and the lien allowed to stand only for the balance after deducting from the whole amount the payment admitted; *Baker vs. Fessender*, 71. Me. 292. It is the settled construction of this mechanics' lien law that such a lien being the creature of a statute and in derogation of the common law must be strictly construed; *McCartney vs. Buck*, 8 Houst. 34; s. c. 12 Atl. Rep. (Del.) 717.

*Bradford* and *Ball*, contra.

MARVEL, J., delivered the opinion of the Court.

In this case exceptions were filed, and on a previous occasion the Court heard argument on the motion to strike off those exceptions; but it having been established in this Court that exceptions to the plaintiff's statement of claim may be filed in a *scire facias* upon mechanics' lien upon the ground that the plaintiff had not complied with the requirements of the statute, we denied the motion; and it is now upon the exceptions themselves that we are to pass.

The first and second exceptions allege that the bill of parti-

culars contains items, which are set out in the exceptions, which are not properly the subject of a mechanics' lien, and ask that those items be stricken from the record.

While it has been admitted by the counsel for the plaintiff that some of the items in the bill of particulars are not proper, yet we do not think this the proper time to pass upon them, but that they should be disposed of when evidence is offered at the trial, as was decided by this Court in the case of *McCartney vs. Buck.*

The third exception is that there is such a joinder and confusion in the statement and bill of particulars, of items properly chargeable, with items not properly chargeable, that it vitiates the whole, and, therefore, the writ should be quashed.

If there were lienable and non-lienable claims in the bill of particulars so intermingled as to be inseparable, as contended by the defence, it might be ground for sustaining the exceptions and granting the motion to strike off the claim; but it does not so appear to us. The items are separate and distinct and cannot be said to be so mingled and intermingled as to be inseparable, and we, therefore, do not think that this exception can be sustained.

The remaining exceptions go to errors in the bill of particulars and the affidavit, which, it is alleged, does not comply with the provisions of the statute prescribing what is to be the statement filed in the case. Upon examination of the statement we are of opinion that the plaintiff has complied with the requirements of the statute; and, therefore, the motion is denied.